# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

TAIWAN SMITH                                                                                                         PLAINTIFF

v.                                           No. 1:06CV24-M-A

SHERIFF JIM H. JOHNSON, ET AL.                                      DEFENDANTS

## ORDER OF DISMISSAL

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Lee County-Tupelo Adult Jail, files this complaint pursuant to 42 U.S.C. §1983 against various defendants, seeking monetary damages. Plaintiff states that the officers who arrested him had no probable cause to do so. He contends that his arrest and detention did not meet the requirements of either Mississippi or federal law. Therefore, he argues, he is being held unconstitutionally and without due process of law. In addition, the plaintiff alleges that the arresting officers forced him to the ground and caused his wrist to become sore and swollen. Finally, the plaintiff alleges that he had been prescribed ibuprofen for the swelling in his wrist, but his caretakers at the jail inadvertently gave him the wrong medication. After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), the court finds that the plaintiff's claims are without legal merit and must be dismissed.

When a state prisoner brings a §1983 action seeking damages, the court must first determine whether a judgment in favor of the plaintiff in the §1983 action would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). If it would, the prisoner must show that his conviction has been " reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" in order to state a claim. *Id*. at

2373.  If not, dismissal of the §1983 action is appropriate.

While a judgment in favor of the plaintiff would not "necessarily imply the invalidity of [his] conviction or sentence," since there has not yet been a conviction, such judgment clearly would result in the plaintiff's release from confinement.  As in *Heck*, before a cause of action arises under §1983 the plaintiff must first show that the arrest warrant has been "expunged, invalidated, or impugned by a writ of *habeas corpus*."  Since the plaintiff has not shown that the arrest warrant at issue has been invalidated, his complaint is premature and fails to state a constitutional claim under 28 U.S.C. § 1915(d).  Consequently, it should be dismissed with prejudice.  *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

It is therefore **ORDERED**:

That the instant case is hereby **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

This, the 30th day of March, 2006.

                                        /s/ Michael P. Mills
                                        **UNITED STATES DISTRICT JUDGE**